UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>   Plaintiff,<br><br>   vs.<br><br>ANTHONY CANCIAMILLA ET. AL.,<br><br>   Defendants. | Case No. 4:20-cv-01742-YGR<br><br>**ORDER: (1) DENYING MOTION TO DISMISS; AND (2) GRANTING MOTION FOR PUBLICATION OF SUMMONS**<br><br>Re: Dkt. Nos. 13, 18 |

Plaintiff Scott Johnson brings this action seeking damages and injunctive relief against defendants Anthony Canciamilla, Maria Canciamilla, El Buen Gusto Corporation, Mohamed Jallab, and does for violation of federal disability access laws under the American with Disabilities Act of 1990 ("ADA") and state disability access laws under the Unruh Civil Rights Act.

Now before the Court are the following motions. First, Jallab moves to dismiss Johnson's complaint pursuant to Federal Rules of Civil Procedure Rule 12(b)(6). (Dkt. No. 13.) Second, Johnson moves to authorize publication of summons for defendants Anthony Canciamilla and Maria Canciamilla. (Dkt. No. 18.) Having carefully considered the pleadings in this action and the papers submitted on each motion, and for the reasons set forth below, the Court **ORDERS** as follows: Jallab's motion to dismiss is **DENIED**; and Johnson's request for publication of summons is **GRANTED**.

I.   **BACKGROUND**

The following facts are based on the allegations found in Johnson's complaint. (*See* Dkt. No. 1 ("Compl.").) Johnson has physical disabilities. (Comp. at ¶ 1.) He is a quadriplegic, cannot walk, and has significant manual dexterity impairments. (*Id*.) He uses a wheelchair and has a specially equipped van. (*Id*.) Johnson alleges that in January 2019, March 2019, and April 2019, he went to Cigarette Express and El Buen Gusto Taqueria intending to avail himself of their business, motivated in part to assess whether defendants complied with disability access laws. (*Id*. at ¶ 12.) Both are facilities open to the public, places of public accommodation, and business

1   establishments located at 1710 Berryessa Rd., San Jose, California. (*Id*. at ¶¶ 5, 6, 13.)

2   Ownership of the real property and the businesses on the days Johnson visited is as
3   follows: Anthony Canciamilla and Maria Canciamilla, in individual and representative capacity as
4   trustees of the Canciamilla Trust, owned and currently own the real property located at 1710
5   Berryessa Rd. (*Id* at ¶ 3.) El Buen Gusto Corporation owned and currently owns El Buen Gusto
6   Taqueria. (*Id*. at ¶¶ 6, 7.) Jallab owned and currently owns Cigarette Express. (*Id*. at ¶ 5.)
7   Johnson does not know the true names of defendants, their business capacities, ownership
8   connection to the property and business, or responsibilities in causing access violations. (*Id*. at
9   ¶ 8.) He alleges joint venture and common enterprise in the violations. (*Id*.) Johnson will seek to
10  amend the complaint when the information is ascertained. (*Id*.)

11  The relevant allegations pertain to Jallab as follow: on the dates Johnson visited Cigarette
12  Express, Jallab failed to provide wheelchair accessible parking and wheelchair accessible entrance
13  door hardware. (*Id*. at ¶ 14, 16.) Johnson, on information and belief, alleges that Jallab still fails
14  to meet standards for disability access. (*Id*. at ¶¶ 15, 17.) Johnson also alleges that given the
15  blatant nature of the violations, there are other violations on site. (*Id*. at ¶ 29.) Johnson will
16  amend the complaint once he conducts an inspection. (*Id*.)

17  Johnson commenced the instant action on March 11, 2020.

## II.  MOTION TO DISMISS

19  Jallab avers that Johnson has not alleged sufficient facts from which the court could grant
20  relief under either the ADA or the Unruh Act. Johnson counters that Jallab's motion should
21  denied because Jallab does not address the adequacy of the complaint's allegations, rather, he
22  makes factual claims not alleged in the complaint.

### A.  Legal Standard

24  Rule 12(b)(6) tests the legal sufficiency of claims asserted in the complaint. *Ileto v. Glock,*
25  *Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Generally, review is limited to the allegations in
26  the complaint, which are "taken as true and construed in the light most favorable to the plaintiff."
27  *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001). Courts assume that
28  "general allegations embrace whatever specific facts might be necessary to support them." *Peloza*

United States District Court
Northern District of California

*v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994).  All inferences favoring the non-moving party must be considered.  *Ileto*, 349 F. 3d at 1200.  But "unreasonable inferences" and "legal conclusions cast in the form of factual allegations" are not accepted.  *Id*.  Courts "need not accept as true allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice**.**"  *Lazy Y Ranch Ltd. v. Behrens,* 546 F. 3d 580, 588 (9th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (U.S. 2009) (internal quotations omitted).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  Dismissal is appropriate when "the allegations . . . however true, could not raise a claim of entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

As Jallab is proceeding *pro se*, the Court construes Jallab's motion to dismiss liberally.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . .").

**B.      Analysis**

Under federal law, the ADA provides that "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes the following: First, "failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities unless the entity can demonstrate that such modifications would would fundamentally alter the nature of such goods, services, facilities, privileges, advantage, or accommodations." 42 U.S.C. § 12182(b)(2)(A)(ii).  Second, failure to remove architectural barriers where such removal is readily achievable.  42 U.S.C. § 12182(b)(2)(A)(iv).  Third, failure to make alterations in such a

1   manner that, "to the maximum extent feasible, the altered portions of the facility are readily
2   accessible to and usable by individuals with disabilities, including individuals who use
3   wheelchairs." 42 U.S.C. § 12183(a)(2).

4   Under California law, the Unruh Civil Rights Act provides that persons with disabilities
5   are "entitled to entitled to full and equal accommodations, advantages, facilities, privileges, or
6   services in all business establishment of every kind whatsoever. Cal. Civ. Code §51(b). The
7   Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code,
8   § 51(f).

9   Here, Johnson alleges in his complaint that Jallab failed to provide accessible door
10  hardware and accessible parking on dates he visited Cigarette Express. On these grounds, he
11  raises a plausible claim for which relief could be granted under the ADA and Unruh Civil Rights
12  Act. *See* 42 U.S.C. §§ 12182(b)(2)(A)(ii), 42 U.S.C. § 12183(a)(2); Cal. Civ. Code, § 51(f);
13  Compl. ¶¶ 4, 16.

14  Jallab's motion attacking these allegations does not persuade for three reasons:

15  First, Jallab argues that there is no "architectural barrier." The Court disagrees. The
16  alleged failure to provide accessible door hardware and a parking spot satisfies that requirement.

17  Second, Jallab simply denies facts. He does not indicate why, *even if true,* they would not
18  state a claim. Jallab misunderstands the well-settled rule that the Court, at this stage in the
19  proceedings, must construe the allegations in the light most favorable to the plaintiff. *See*
20  *Sprewell*, 266 F.3d at 988.

21  Finally, Jallab argues "facts" outside the complaint, circumventing the general rule that a
22  12(b)(6) motion is generally limited to the complaint. *Id*. at 988.[1] The Court is prohibited from
23  accepting as true Jallab's "facts." That would require the Court to engage in a merits-based

---

[1] The gravamen of his motion relies on certain facts, namely that: (i) per the lease agreement the Canciamillas were responsible for wheelchair accessible parking, not him; (ii) the door hardware was ADA compliant and the door was always opened; and (iii) he sold Cigarette Express in February 2019. (See Dkt. No 13 at 4, 8, and the "exhibits" attached to the motion and the reply.)

analysis, which at this juncture, for this case, is inappropriate.

Indeed, as part of his motion, Jallab relies on documents not referenced in the complaint. Jallab cites *Cortec*, a Second Circuit case, but misapplies the doctrine. *Cortec* holds that where "plaintiff has actual notice of all the information in the movant's papers and has relied" on them defendant may produce the documents in the motion to dismiss. *Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991). The Ninth Circuit has similar exceptions to the general rule that courts may not consider material outside the complaint when assessing a 12(b)(6) motion. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). The incorporation by reference doctrine and judicial notice under Federal Rule of Evidence 201 allow courts to consider material outside the complaint. *Id*. The first allows courts to treat certain documents as if "they are part of the complaint." *Id.* at 1002. However, if the documents only create "a defense to the well-pled allegations in the complaint, then that[those] document[s] did not necessarily form the basis of the complaint." *Id*. Accepting such documents would merely allow defendants to "insert their own version of events into the complaint to defeat otherwise cognizable claims." *Id*. The second exception allows courts to notice "an adjudicative fact" if not "subject to reasonable dispute," such as, for instance, matters of public record. *Id*. at 999 (citing Fed. R. Evid. 201(b)). Documents not attached to a complaint "may be considered if no party questions their authenticity and the complaint relies on those documents." *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

Here, the documents Jallab attaches do not fall within either exception and the Court cannot substantively consider them. Jallab attaches a bill of sale of Cigarette Express, photographs of the business and the door, and a lease agreement, and claims they are integral to the complaint. (Dkt. No. 13, Exhibit 1 and Dkt. No. 16, Exhibit 1.) But they are not. Johnson did not rely on them in the complaint, nor do they constitute a fact not "subject to reasonable dispute," such as the days in a week. Jallab uses the documents to construct his own narrative rather than attack the adequacy of Johnson's pleadings, which is inappropriate at this stage. *See Khoja,* 899 F.3d at 1002.

Accordingly, the motion to dismiss is **DENIED.**

### III. MOTION FOR PUBLICATION OF SUMMONS

Johnson moves to authorize publications of summons for defendants Anthony and Maria Canciamilla because defendants cannot be found despite reasonable diligence.

#### A. Legal Standard

Rule 4 of the Federal Rules of Civil Procedure governs the service of process. *Emp. Painters' Trust v. Ethan Enters.*, 480 F.3d 993, 999 (9th Cir. 2007). An individual may be served "following the state law for serving summons in an action brough in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. Rules. Civ. Pro. 4(e)(1).

In California, "a summons may be served by publication if upon affidavit it appears to the satisfaction of the court . . . that the party to be served cannot with reasonable diligence be served in another manner." Cal. Civ. Pro. § 415.50(a); *see also Conzorsio Del Prosciutto Di Parma v. Domain Name Clearing Co.,* 346 F.3d 1193, 1194 n.1 (9th Cir. 2003). Reasonable diligence "denotes a thorough, systematic investigation and inquiry conducted in good faith by the part or his agent or attorney." *Watts v. Crawford*, 10 Cal.4th 743, 745 n.5 (Cal. 1995). Additionally, there must be a cause of action against the party upon whom service is to be made or the party to be served has or "claims an interest in real or personal property in California subject to jurisdiction of the court or the relief demanded consists wholly or in part in excluding the party from any interest in the property." Cal. Civ. Pro. § 415.50(a)(1). The court shall order the publication of summons in a named newspaper published in the state that is "most likely to give actual notice to the party to be served." Cal. Civ. Pro. § 415.50(b).

#### B. Analysis

Here, the Court is persuaded that Johnson has shown reasonable diligence attempting to serve Anthony and Marcia Canciamilla. *See* Cal. Civ. Pro. § 415.50(a). Johnson's counsel searched business and property records using the TransUnion/TLO XP (TLO) search engine's California Ultimate Weapon Database, a comprehensive database used by law enforcement, governmental agencies, law firms, and private detectives. (Dkt. No. 18-1 at 2-3.) The database maintains records nationwide which include all listed addresses, all listed real property, corporate

interests, legal and criminal cases, professional licenses, Board of Equalization licenses, utilities, voting registration, driver's license information, and deaths.  (Dkt. No. 18-1 at 3.)

The search showed that Anthony and Marie Canciamilla own the real property in individual capacity and as trustees of the real property on 1710 Berryessa Rd. and have three other mailing addresses in San Jose. (*Id*.)  Johnson's counsel and agents attempted various methods of service of process at all addresses, including in person, mail, and phone numbers.  (*Id*. at 3-4.)  Employees and residents of the properties described Anthony and Maria as absentee landlords.  (Dkt. No. 18-4, at 5-6.)  Johnson made dozens of attempts to serve the defendants at all four addresses at various times of the day and evening.  (*See generally* Dkt. 18-4.)  For the foregoing reasons, the Court authorizes publication of summons in the *San Jose Mercury News*, which circulates in Anthony's and Maria Canciamilla's last known addresses and is likely to give notice.

Accordingly, the motion to authorize publication of summons is **GRANTED.**

### IV. CONCLUSION

For the foregoing reasons, the Court **HEREBY ORDERS** as follows:

1. Jallab's motion to dismiss is **DENIED.**  Jallab shall answer the complaint by October 5, 2020, and, if appropriate, file any counterclaim against Anthony and Maria Canciamilla.

2. Johnson's motion to authorize publication of summons is **GRANTED.**  As part of the substitute service, Johnson shall also serve a copy of this Order, the Summons, Complaint, and all other required filings on Anthony and Maria Canciamilla:

    a. By certified mail c/o TMC Property Management P.O. Box 20202, San Jose CA 95160; and

    b. By first-class mail on all known addresses.

This Order terminates Docket Numbers 13 and 18.

**IT IS SO ORDERED.**

Dated: September 15, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**